UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EDWARD PURNELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01795-TWP-DML |
| | ) | |
| STAN KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order**

    Edward Purnell's challenge to the disciplinary proceeding identified as No. IYC 15-08-104 was concluded on February 17, 2016 with the issuance of judgment denying the petition. The reason for this disposition was the court's finding that the procedural protections to which the petitioner was entitled had been provided and the decision challenged was supported by at least "some evidence." This disposition was reached after the petition for writ of habeas corpus was fully briefed and after the record had been appropriately expanded.

    Given the timing and the content of the post-judgment *motion to vacate* filed with the clerk on February 29, 2016, that filing is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

    The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Relief through a Rule 59(e) motion for reconsideration is an

"extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

There was no manifest error of law or fact in this case. The Court did not misapprehend the petitioner's claims, nor did it misapply the law to those claims in finding that dismissal was required. Accordingly, the motion to vacate, treated as a motion to alter or amend judgment [dkt. 16] is **denied**.

IT IS SO ORDERED.

Date: 3/2/2016

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

EDWARD PURNELL
978346
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168